# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| Les Campbell, <br><br> Plaintiff, <br><br> v. <br><br> Commercial Acceptance Company; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 1:15-cv-03735 <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Les Campbell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Les Campbell ("Plaintiff"), is an adult individual residing in Randallstown, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Commercial Acceptance Company ("CAC"), is a Pennsylvania business entity with an address of 2 West Main Street, Shiremanstown, Pennsylvania 17011, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by CAC and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

      6.      CAC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

      7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

      8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

      9.      The Debt was purchased, assigned or transferred to CAC for collection, or CAC was employed by the Creditor to collect the Debt.

      10.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. CAC Engages in Harassment and Abusive Tactics**

      11.      In or around December 2014, CAC threatened Plaintiff with legal action if he didn't make a payment that day.

      12.      In or around February 2015, Plaintiff told CAC that the amount it was attempting to collect was greater than the amount of the Debt.

      13.      In response, CAC told Plaintiff that if he did not start making payments within the two weeks following the conversation, CAC would sue Plaintiff.

      14.      To date, no such legal action has been taken.

**C. Plaintiff Suffered Actual Damages**

      15.      Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

17. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

27. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 7, 2015

    Respectfully submitted,

    By  */s/ Sergei Lemberg*
    Sergei Lemberg, Esq.
    LEMBERG LAWL.L.C.
    43 Danbury Road
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    ATTORNEYS FOR PLAINTIFF